UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-81437-SINGHAL/MATTHEWMAN

HOWARD COHAN,

     Plaintiff,

v.

TRATTORIA ROMANA, INC.,
a Florida Profit Corporation,
d/b/a TRATTORIA ROMANA.

     Defendant.

_____/

FILED BY ___SW___ D.C.

Jan 5, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S INTERIM REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [DE 13]

**THIS CAUSE** is before the Court upon Plaintiff Howard Cohan's ("Plaintiff" or "Cohan") Motion to Enforce Settlement Agreement ("Motion") [DE 13]. The Motion was referred to the Undersigned United States Magistrate Judge for disposition by the Honorable Raag Singhal, United States District Judge. [DE 19]. Defendant Trattoria Romana, Inc. ("Defendant" or "Trattoria Romana") and non-party Luff's Fish House, LLC ("Luff's") have filed Responses [DEs 16, 17], and Plaintiff has filed a Reply [DE 18] to both Responses.

On January 5, 2024, the Court held an in-person evidentiary hearing on the Motion. During the hearing, the Court heard argument from the parties on jurisdictional and statute of limitations issues. Thereafter, the parties conferred and requested fifteen (15) days in an effort to try to resolve the matter. The Court granted that request and ordered the parties to further confer and file a Joint Notice as to their settlement efforts on or before January 22, 2024. The evidentiary hearing will be reset, if necessary, after receipt and review of that Joint Notice.

However, since jurisdictional issues are seminal and quite important in this case, and may strongly bear upon the parties' ability to settle, the Court issues this Interim Report and Recommendation, determining jurisdictional issues and statute of limitations matters at this juncture.

## I.   <u>BACKGROUND</u>

The instant case was filed on August 28, 2020. *See* DE 1. Simply stated, this is a case alleging multiple violations of the Americans with Disabilities Act ("ADA"). *Id.* More specifically, Plaintiff Howard Cohan alleged a number of violations of the ADA at the premises located at 499 East Palmetto Park Road, Boca Raton, FL 33432. *Id.* These violations included ADA violations with respect to the premises' outdoor seating, bar and bar area, men's restroom, and the stall in the men's restroom. *Id.*

Before Defendant Trattoria Romana filed any answer to Plaintiff's Complaint, the parties filed a Notice of Settlement. [DE 10]. Based on that Notice of Settlement, Judge Singhal administratively closed the case without prejudice to the parties' ability to file a stipulation of dismissal within sixty (60) days from the date of that Order. [DE 11]. The parties thereafter timely filed a Joint Stipulation of Dismissal with Prejudice [DE 12], which stated as follows:

> The Plaintiff, HOWARD COHAN and the Defendant, TRATTORIA ROMANA, INC., a Florida Profit Corporation, d/b/a TRATTORIA ROMANA, (the Parties) hereby stipulate that (1) the Parties have settled this action; (2) Plaintiff voluntarily dismisses this action with prejudice against TRATTORIA ROMANA, INC., a Florida Profit Corporation, d/b/a TRATTORIA ROMANA; (3) the Parties shall bear their own costs and fees except as provided for in the Parties' Settlement Agreement; and (4) **the Parties condition the stipulation upon this Court entering an order retaining jurisdiction to enforce the terms of the Parties' Settlement Agreement**. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

[DE 12 at 1] (emphasis added). However, no Order was ultimately issued by the Court in response to the Joint Stipulation of Dismissal with Prejudice. In other words, despite the parties conditioning

their Joint Stipulation on the Court retaining jurisdiction to enforce the terms of the parties' Settlement Agreement, the Court did not do so. Now, nearly three years later, Plaintiff has filed a Motion to Enforce Settlement Agreement [DE 13].

## II.    MOTION, RESPONSES, REPLY, JOINT NOTICE, AND HEARING

### 1. Motion [DE 13]

In Plaintiff's Motion [DE 13], Plaintiff begins by noting that in his August 28, 2020 Complaint, he alleged Defendant Trattoria Romana "violated the ADA and . . . discriminated against [him] by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered by Defendant, and by failing to remove architectural barriers to allow access by individuals with disabilities." [DE 13 at 1–2]. Similarly, "[i]n another separate matter, COHAN V. LUFF'S FISH HOUSE, LLC, 9:20-cv-81365, Plaintiff asserted that defendant LUFF'S FISH HOUSE, LLC[] . . . also violated the ADA" and "discriminated against [him] by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered[,] . . . and by failing to remove architectural barriers to allow access by individuals with disabilities." *Id.* at 2.

Because it was "later determined" that Luff's was an entity "under common ownership" with Defendant Trattoria Romana, Plaintiff asserts that he "entered into a Global Settlement Agreement and Release . . . to collectively resolve the two matters." *Id.* As part of that Settlement Agreement—attached as Exhibit A to Plaintiff's Motion—Plaintiff notes that both Defendant and Luff's were to "cause the modifications outlined in Exhibits A and B to the Settlement Agreement to be made at the Properties" within "365 days from the date of the execution of the Settlement Agreement." *Id.* However, Plaintiff alleges that after returning to the premises associated with Trattoria Romana and Luff's, he was "once again denied full and equal access and full and equal

enjoyment of the facilities, services, goods and amenities within the Premises." *Id.* at 3. Indeed, Plaintiff specifically details numerous ways in which Defendant and Luff's failed to properly address ADA violations at the respective premises. *Id.* at 4–10.

Accordingly, because Plaintiff requested that the Court retain jurisdiction over this matter in the Joint Stipulation of Dismissal with Prejudice—and conditioned the Joint Stipulation on the Court retaining jurisdiction—Plaintiff argues that Defendant's and Luff's' "breach of the Settlement Agreement is the equivalent of a violation of the Court's Order because this Court has jurisdiction to enforce the terms of the Parties' Agreement." *Id.* at 11. Plaintiff thus requests that the Court enter an Order: (1) declaring Defendant and Luff's in violation of the Settlement Agreement; (2) requiring Defendant and Luff's to "complete the barrier removals as agreed to in the Parties' Settlement Agreement"; (3) requiring Defendant and Luff's "to alter the facilities to make them accessible to and usable to by individuals with disabilities to the full extent required by Title III of the ADA"; and (4) awarding Plaintiff reasonably attorneys' fees, costs, and expenses incurred as a result of filing the instant Motion. *Id.* at 14.

## 2. **Defendant Trattoria Romana's Response [DE 16]**

After briefly noting that Plaintiff now has a separate action pending against Defendant and Luff's in Case No. 23-cv-80266 predicated upon a breach of the Settlement Agreement, Defendant argues that Plaintiff "improperly comes before this Court, after having received the benefit of payment of $5,000.00 called for under the settlement agreement (the parties' private contract) at issue, and after . . . Defendant  did take action to remedy the alleged deficiencies identified within the contract." [DE 16 at 2]. In this regard, Defendant argues that "Plaintiff's requests for relief . . . . fail, as this Court is without jurisdiction to entertain a Motion to Enforce filed nearly three (3) years after a dismissal Order and Stipulation were entered," and because "Plaintiff cannot seek

'specific performance' under Florida law via a request filed more than 1 year after the alleged 'breach' of the contract at issue." *Id.* at 3.

Subsequently, Defendant recites the procedural history of this case, noting that, although the Joint Stipulation of Dismissal with Prejudice "made reference to being conditioned upon the entry of a subsequent Order of the Court which would retain jurisdiction over the parties and proceedings for purposes of enforcement of a settlement agreement, no such Order was ever entered by the Court." *Id.* And, "[g]iven that no Order of this Court was entered retaining jurisdiction over the parties to enforce the parties' private contract, [Defendant argues] this Court lacks jurisdiction to entertain the Plaintiff's instant Motion." *Id.* at 6–7.

Further, as it pertains to the statute of limitations argument:

> Under the parties' contract, this Defendant agreed to "make all of the modifications as set forth in the Plaintiff's expert's preliminary report as set forth in the attached Exhibit "A" within 365 days from the date of this Settlement Agreement (the "Modifications") as to Action 1." The contract was entered into on October 14, 2020, and thereby the final date of compliance for the aforementioned obligation was October 13, 2021. Any claim for specific performance arising from an alleged breach of the agreement for failure to perform under this affirmative covenant accrued on October 14, 2021, and was thereafter barred by operation of F.S. § 95.11(5)(a) as of October 14, 2022. As noted above, Plaintiff did not seek to enforce the private contract until February 2023, and this Motion was not filed until July 20, 2023. As such, the instant request for relief is patently untimely and barred by operation of Florida law, which governs the enforcement of the contract at issue. See DE 13-1, at Paragraph 13.

*Id.* at 8 (footnote omitted). Defendant therefore requests that the Court deny Plaintiff's Motion, and grant Defendant "a recovery of its reasonable attorney's fees incurred in this proceeding." *Id.*

### 3.  <u>Non-Party Luff's Response [DE 17]</u>

Luff's begins by noting that Plaintiff brought suit against it in Case No. 20-cv-81365, alleging the same causes of action that Plaintiff brought against Defendant in the instant case.[1] [DE

---

[1] Luff's states that it was sued by Plaintiff in a "separate action"—Case No. 20-cv-81437. [DE 17 at 2]. However, Case No. 20-cv-81437 is the instant case. Luff's correctly states the "separate action" as Case No. 20-cv-81365

17 at 2]. However, in the case involving Luff's, the Court "issued an Order dismissing S.D. Fla. Case No.: 20-cv-81[365] with prejudice, and retaining jurisdiction over the parties for a period of six (6) months for purposes of enforcement of the settlement agreement." *Id.* Further Luff's also notes that on February 17, 2023, Plaintiff initiated a new, separate action in Case No. 23-cv-80266 against both Defendant and Luff's predicated upon the breach of the Settlement Agreement. *Id.*

That being said, Luff's argues that Plaintiff's Motion is "wholly improper" and that there is "a complete want of jurisdiction" over Luff's. *Id.* at 3. According to Luff's:

> In S.D. Fla. Case No.: 20-CV-81365, the Court retained jurisdiction over the Plaintiff and LUFF'S for purposes of enforcement of a settlement agreement for a period of six (6) months. The Plaintiff did not seek to re-open S.D. Fla. Case No.: 20-CV-81365 within that six (6) month period asserting an alleged breach of the parties' contract (Plaintiff's identified Global Settlement Agreement). In fact, nothing further has ever been filed in that proceeding.

*Id.* at 4. Moreover, in the instant action, Luff's was not a party to this case, nor was the Joint Stipulation of Dismissal with Prejudice filed on Luff's behalf. *Id.*

Additionally, similar to Defendant, Luff's argues that "the instant request for relief is patently untimely and barred by operation of Florida law, which governs the enforcement of the contract at issue." *Id.* at 9. But unlike Defendant, Luff's does not request attorneys' fees. *See id.*

### 4. **Plaintiff's Reply [DE 18]**

Plaintiff has filed a collective reply to Defendant's Response [DE 16] and Luff's Response [DE 17] because Defendant and Luff's "entered into the settlement agreement Plaintiff seeks to enforce jointly." [DE 18 at 1]. Plaintiff maintains that, based on the joint actions of Defendant and Luff's, both are "subject to the Global Settlement Agreement and Release, which includes Plaintiff's right to enforce said agreement." *Id.* at 2. Indeed, it is Plaintiff's position that "[a]ny argument that this Court does not have jurisdiction over LUFFS is misplaced and simply false as

elsewhere in its Response. *See, e.g.*, *id.* at 3.

it is part of the Global Settlement Agreement and Release to which the Parties requested this Court to retain jurisdiction to enforce." *Id.* Further, while "this Court did not enter an order confirming it had retained jurisdiction; it also did not enter an Order denying or limiting jurisdiction for enforcement." *Id.* However, even assuming this Court did not retain jurisdiction, Plaintiff argues that "the result is that the Stipulation is ineffective and this case remains pending and unresolved." *Id.* at 3.

Next, turning to the statute of limitations argument, Plaintiff argues that it is clear he is "not merely seeking specific performance as relief as Defendant[ and Luff's] misrepresent to this Court. Rather, the relief sought by Plaintiff for Defendant['s and Luff's] failure to comply with the settlement agreement is the identical relief sought in the original ADA action, including but not limited to injunctive relief in the form of complete compliance with Title III of the ADA." *Id.* at 4. To this end, Plaintiff contends that the appropriate statute of limitations is five (5) years, as that is "the appropriate statute of limitations to enforce a breach of contract action." *Id.* Additionally, Plaintiff contends that Florida courts apply the "continuous breach" rule. *Id.* Thus, each day Defendant and Luff's failed to maintain complete compliance with the ADA, it "resulted in a continuous breach." *Id.* But in any event, if this Court does find the appropriate statute of limitations to be one (1) year based on the "additional requested relief" of specific performance, "Plaintiff argues that the statute of limitations should be tolled based on equity and equitable estoppel." *Id.* at 5.

Finally, Plaintiff notes that neither Defendant nor Luff's "allege that they are in full compliance with the ADA or respond to the list of violations that continue to exist at the properties at issue." *Id.* at 8. Plaintiff also points out that in Case No. 23-cv-80266—the action Plaintiff originally filed to seek enforcement of the Settlement Agreement (which has since been voluntarily

dismissed)—Defendant and Luff's argued "the appropriate action for Plaintiff to take *is* a Motion to Enforce." *Id.* at 7 n.1.

**5.  Joint Notice [DE 25]**

Based upon the parties' papers, the Court issued an Amended Order Setting Evidentiary Hearing on Plaintiff Howard Cohan's Motion to Enforce Settlement Agreement [DE 21]. As part of that Order, the Court required Plaintiff, Defendant, and Luff's to "file a joint stipulation of facts . . . as to all factual matters upon which there is an agreement," to "file their witness lists and exhibit lists for the evidentiary hearing," and to "specify[] which factual and legal issues will require resolution by the Court." [DE 21 at 2]. Plaintiff, Defendant, and Luff's timely complied. In the ensuing Joint Notice and Stipulation of Facts, they agreed to the following stipulated facts:

A.  Plaintiff, Howard Cohan, suffers from a qualified disability under the ADA.

B.  Defendant, TRATTORIA ROMANA, INC., a Florida Profit Corporation, owns, leases or operates places of public accommodation, which is located at 499 East Palmetto Park Road, Boca Raton, FL 33432 (hereinafter "Trattoria Romana"). Co-signor to the Global Settlement Agreement and Release, LUFF'S FISH HOUSE, LLC, a Florida Limited Liability Company, owns, leases or operates places of public accommodation, which is located at 390 E. Palmetto Park Road, Boca Raton, FL 33432 (hereinafter "Luff's Fish House"). Plaintiff shall refer to Trattoria Romana and Luff's Fish House hereinafter collectively as the "Premises". Plaintiff shall refer to TRATTORIA ROMANA, INC. and LUFF'S FISH HOUSE, LLC. are hereinafter collectively referred to as "the Defendants".

C.  Defendants are entities under common ownership.

D.  Defendants, as owners, lessors, lessees, or operators of the Premises, are required to comply with the ADA and make the Premises accessible to persons with disabilities by January 28, 1992.

E.  On October 14, 2020, the Parties entered into a Global Settlement Agreement and Release (hereinafter "Settlement Agreement") to collectively resolve the matters.

F.  The Settlement Agreement provides that within 365 days from the date of execution of the Settlement Agreement, Trattoria Romana Inc. and Luff's Fish

House, LLC shall cause the modifications outlined in Exhibits A and B to the Settlement Agreement to be made at the Premises.

G.   On or about November 12, 2020, Plaintiff and Trattoria Romana Inc. filed a Joint Stipulation of Dismissal with Prejudice, wherein the Plaintiff and Trattoria Romana Inc. conditioned the effectiveness of the Stipulation upon the Court's entry of a Final Order retaining jurisdiction to enforce the terms of the Settlement Agreement and Dismissing this Action with Prejudice (DE 12).

H.   On or about November 2, 2020, Plaintiff and Luff's Fish House, LLC filed a Joint Stipulation of Dismissal with prejudice of S.D. Fla. Case No.: 9:20-cv-81365-DMM and on November 5, 2020 the Court entered an Order closing Case No.: 9:20-cv-81365-DMM which retained jurisdiction to enforce the parties' settlement agreement for a period of six (6) months.

I.   On February 17, 2023, Plaintiff filed a two-count complaint for breach of contract seeking enforcement of the Global Settlement Agreement and violation of Title III of the Americans with Disabilities Act in the Southern District of Florida. See Howard Cohan v. Luff's Fish House, LLC and Trattoria Romana, Inc., 9-23-cv-80266-AHS (S.D. Fla.) (hereinafter "2023 Lawsuit").

J.   Defendants argued in a motion to dismiss filed in the 2023 Lawsuit that this Court withheld jurisdiction to enforce the Settlement Agreement and thus this Court was the proper venue to enforce the Parties' Settlement Agreement. See 2023 Lawsuit at D.E. 12, p. 8-9.

K.   Plaintiff, in the 2023 Lawsuit, ultimately amended his Complaint to only pursue claims against a third property, Cannoli Kitchen, which was originally included in the Global Settlement Agreement, yet it was later learned that Defendants did not have any ownership interest therein, nor authority to execute any settlement. The 2023 Lawsuit against Cannoli Kitchen has now resolved.

[DE 25 at 1–3].

Additionally, Plaintiff, Defendant, and Luff's identified the following issues of fact and law for determination during the January 5, 2024 evidentiary hearing:

A.   Whether Trattoria Romana and Luff's Fish House have breached the Settlement Agreement requiring certain modifications to bring the Premises in compliance with the ADA.

B.   Whether Trattoria Romana and Luff's Fish House are in compliance with the ADA.

C.   What damages, if any, which Plaintiff is entitled to recover.

D.  Whether this Court has jurisdiction to act upon a Motion to Enforce when no order of retaining jurisdiction was entered following the Stipulation of Dismissal, which was conditioned on retention of jurisdiction to enforce the Settlement Agreement.

E.  Whether this Court has jurisdiction over Luff's Fish House, LLC, which was a party to the Settlement Agreement but which was never a party in the current action.

F.  Whether the statute of limitations to bring forward a claim for specific performance or the five-year statute of limitations for breach of contract actions applies.

   1.  Should the Court find the one-year statute of limitations applies, whether the continuous breach rule applies; or

   2.  Whether the statute of limitations should be tolled based on equity and equitable estoppel.

*Id.* at 3–4.

6.  **The January 5, 2024 Hearing**

During the January 5, 2024 hearing, the Court first heard argument from the parties on jurisdictional issues and on matters pertaining to the applicable statute of limitations. Thereafter, the Court provided tentative rulings on such—specifically: (1) the Court has jurisdiction over the Motion to Enforce Settlement Agreement [DE 13] as to Defendant Trattoria Romana; (2) the Court does not have jurisdiction over non-party Luff's Fish House, LLC; and (3) that, based on the Joint Stipulation of Dismissal with Prejudice never becoming effective in this case, the statute of limitations argument made in this case is moot, as the case has in effect remained pending for several years now.

While the Court was prepared to proceed to the evidentiary hearing portion of the hearing, the parties conferred and requested additional time to confer to try and resolve the matter. The Court granted that request and required the parties to file a Joint Notice on or before January 22,

2024. *See* DE 31. Upon receipt and review of that Joint Notice, the Court will reset the evidentiary hearing if necessary. However, this matter is now ripe for review of the jurisdiction and statute of limitations issues, which are seminal and primary in this case.

### III.   DISCUSSION

This Court has carefully reviewed the entire docket in this case and the arguments presented by the parties. Accordingly, although the evidentiary portion of the hearing has not yet taken place, the Court will now provide a ruling on the jurisdictional issues and matters pertaining to the statute of limitations. In this regard, the Court will first address whether it has jurisdiction to act upon the Motion to Enforce as to Defendant Trattoria Romana. It will then address whether it has jurisdiction over non-party Luff's, and then finally address matters pertaining to the statute of limitations arguments.

### 1.   Whether the Court Has Jurisdiction to Act Upon the Motion to Enforce as to Defendant Trattoria Romana

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction." *Bacson Tobacco Co. v. Diplomatic Int'l Co.*, No. 20-CV-21066, 2020 WL 3268238, at *1 (S.D. Fla. May 29, 2020); *United States v. 2411 NE 32nd Ct.*, No. 97-2729-CIV, 2012 WL 718780, at *1 (S.D. Fla. Mar. 6, 2012) (stating the same). To this end, "a district court [may] retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court, provided the district court issues an order requiring compliance with the settlement agreement." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). This is because "enforcement of . . . settlement agreement[s] is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382. However, "[i]f the district court does not issue an order

retaining jurisdiction, the stipulation would simply not become effective and the case would not be dismissed." *Anago Franchising*, 677 F.3d at 1280 n.4.

Here, the parties filed a Notice of Settlement, after which Judge Singhal administratively closed the case without prejudice to the parties' ability to file a stipulation of dismissal within sixty (60) days from the date of that Order. [DE 11]. The parties then timely filed a Joint Stipulation of Dismissal with Prejudice [DE 12] stating:

> The Plaintiff, HOWARD COHAN and the Defendant, TRATTORIA ROMANA, INC., a Florida Profit Corporation, d/b/a TRATTORIA ROMANA, (the Parties) hereby stipulate that (1) the Parties have settled this action; (2) Plaintiff voluntarily dismisses this action with prejudice against TRATTORIA ROMANA, INC., a Florida Profit Corporation, d/b/a TRATTORIA ROMANA; (3) the Parties shall bear their own costs and fees except as provided for in the Parties' Settlement Agreement; and (4) **the Parties condition the stipulation upon this Court entering an order retaining jurisdiction to enforce the terms of the Parties' Settlement Agreement**. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

[DE 12 at 1] (emphasis added). However, despite the parties predicating the Joint Stipulation of Dismissal with Prejudice upon the Court entering an Order retaining jurisdiction, the Court never did so. In fact, the Court never entered any Order on the retention of jurisdiction issue. This exact scenario was discussed by the Eleventh Circuit in *Anago Franchising*. Specifically, in that case, the Court explicitly stated that "[i]f the district court does not issue an order retaining jurisdiction, the stipulation would simply not become effective and the case would not be dismissed." *Anago Franchising*, 677 F.3d at 1280 n.4. Thus, although this case presents an interesting and unusual scenario, it appears the Joint Stipulation in this case never became effective and that the case has not been effectively dismissed. The case is still technically pending. Although it was administratively closed, it was not actually dismissed. Therefore, as the case is currently pending, the Court clearly has jurisdiction to resolve Plaintiff's Motion to Enforce Settlement Agreement as to Defendant Trattoria Romana.

In this regard, the Court **FINDS AND RECOMMENDS** that the Court has jurisdiction over the Motion to Enforce Settlement Agreement [DE 13] as to Defendant Trattoria Romana pursuant to Eleventh Circuit precedent, especially footnote 4 of *Anago*. Therefore, the Court does have jurisdiction to rule on that pending motion as to Defendant Trattoria Romana.

    2.  <u>**Whether the Court Has Jurisdiction Over Luff's**</u>

The Court must next determine whether it has jurisdiction over Luff's. While Luff's is specifically mentioned in the Global Settlement Agreement and Release [DE 13-1], Luff's is not—and has never been—a party to the instant case. Instead, Plaintiff brought a separate lawsuit against Luff's in case number 20-cv-81365. Plaintiff and Luff's settled that case, filing a Joint Stipulation of Dismissal with Prejudice which was also conditioned upon the Court in that case entering an Order retaining jurisdiction to enforce the terms of the parties' Settlement Agreement. [DE 17-1]. In that case, however, the Court entered an Order Closing Case, retaining jurisdiction "for a period of six months to enforce the terms of the Parties' Settlement Agreement." [DE 17-2].

Simply stated, this Court does not have jurisdiction over Luff's in this case. As noted above, federal courts are courts of limited jurisdiction. The Court has an independent duty to address jurisdiction and the parties cannot agree to confer jurisdiction on a federal court. This Court does not have any jurisdiction over non-party Luff's. Accordingly, as Plaintiff has not provided any law establishing that this Court has jurisdiction over Luff's—and this Court is unaware of any law which would indicate such—it is clear that the proper course of action was for Plaintiff to seek to enforce the Settlement Agreement against Luff's in a new, separate case, as Luff's is not a party to this case. Moreover, the Court notes that it has been more than six months since the Order Closing Case was entered in case number 20-cv-81365, which was the period of time the Court agreed to retain jurisdiction in that case. This Court cannot assume jurisdiction over

non-party Luff's in the instant case merely because Luff's was a co-signor to the settlement agreement which included Defendant Trattoria Romana. Plaintiff has failed to establish that this Court has jurisdiction over non-party Luff's, and the Court specifically finds that it does not have jurisdiction over non-party Luff's.

Accordingly, the Undersigned **FINDS AND RECOMMENDS** that the District Judge enter an Order finding that this Court does not have jurisdiction over non-party Luff's in the instant case. Further, since there is no jurisdiction over Luff's, the Undersigned U.S. Magistrate Judge thus **RECOMMENDS** that U.S. District Judge Singhal deny the Motion to Enforce Settlement Agreement [DE 13] as to non-party Luff's.

**3.** <u>**Whether the Statute of Limitations Is Even Applicable**</u>

Plaintiff's, Defendant's, and Luff's papers all discuss the applicable statute of limitations for a breach of the Settlement Agreement. However, as the Court finds that the Joint Stipulation of Dismissal with Prejudice in this case never became effective pursuant to *Anago*—and because an Order administratively closing the case is purely administrative—all arguments pertaining to the statute of limitations are inapplicable or moot, as this case has effectively remained pending for a period of years. This case has never been properly dismissed, and it has remained pending; therefore any statute of limitations argument is inapplicable, moot, and without merit. The Court therefore **RECOMMENDS** that Judge Singhal deny the parties' statute of limitations arguments for these reasons.

**IV.** <u>**CONCLUSION**</u>

In light of the foregoing, the Undersigned U.S. Magistrate Judge **RECOMMENDS** that the U.S. District Judge enter an Order: (1) finding that the Court has jurisdiction to address Plaintiff's Motion to Enforce Settlement Agreement [DE 13] as to Defendant Trattoria Romana;

14

(2) finding that the Court does *not* have jurisdiction over non-party Luff's; (3) denying in part the Motion to Enforce Settlement Agreement [DE 13] as it relates to Luff's; and (4) denying Defendant Trattoria Romana's and non-party Luff's statute of limitations arguments as inapplicable, moot, and without merit.

## NOTICE OF RIGHT TO OBJECT

Due to the fact that an interim ruling on the parties' arguments pertaining to jurisdiction and the statute of limitations is seminal, and also because a determination of jurisdiction and statute of limitations issues will streamline this litigation and possibly affect the parties' settlement efforts, the Undersigned shall hereby shorten the time for the parties to file objections to this Interim Report and Recommendation, as authorized under S.D. Fla. Magistrate Judge Rule 4. The parties shall have **seven (7) calendar days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Interim Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of January, 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge